**EXHIBIT A**

**EXHIBIT A**

Court of Common Pleas, Mahoning County
120 Market Street
Youngstown, Ohio 44503

## SUMMONS ON COMPLAINT
Rule 4 Ohio Rules of Civil Procedure

----=========*=========------

Case No. 2019 CV 01601

RYAN GUSTAFSON     -vs-     CORECIVIC
#36650068                                        2240 HUBBARD ROAD
2240 HUBBARD ROAD                YOUNGSTOWN, OH 44505
YOUNGSTOWN, OH 44505

TO: **CORECIVIC**

**2240 HUBBARD ROAD
YOUNGSTOWN, OH 44505**

Defendant

To the above named defendant(s): (See attached complaint for additional parties)

    You are hereby summoned that a complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this court by the plaintiff(s) named herein.

    You are required to serve upon the plaintiff('s') attorney, or upon the plaintiff(s) if he/she/they has/have no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this court within three (3) days after service on plaintiff(s) attorney.

    The name and address of the plaintiff('s') attorney is as follows:

        PRO SE

    If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

ANTHONY VIVO
Mahoning County Clerk of Courts

August 6, 2019

By: N. Dascenzo
Deputy Clerk

IN THE COURT OF COMMON PLEAS
FOR MAHONING COUNTY, OHIO
CIVIL DIVISION



CLERK OF COURTS
MAHONING COUNTY, OHIO
AUG -5 2019
FILED
ANTHONY VIVO, CLERK

| | |
|---|---|
| RYAN GUSTAFSON<br>#36650068<br>2240 HUBBARD RD.<br>YOUNGSTOWN, OH 44505<br><br>    Plaintiff,<br><br>v.<br><br>CORECIVIC<br>2240 HUBBARD RD.<br>YOUNGSTOWN, OH 44505<br><br>    and,<br><br>TRINITY FOOD SERVICE GROUP<br>2240 HUBBARD RD.<br>YOUNGSTOWN, OH 44505<br><br>    and,<br><br>NIELSA DIAZ<br>2240 HUBBARD RD.<br>YOUNGSTOWN, OH 44505<br><br>    and,<br><br>DANIEL BOND<br>2240 HUBBARD RD.<br>YOUNGSTOWN, OH 44505<br><br>    and,<br><br>CHRISTOPHER LAROSE<br>2240 HUBBARD RD.<br>YOUNGSTOWN, OH 44505<br><br>    and,<br><br>    Defendants. | CASE NO.: 19CV1601<br><br>JUDGE: DURKIN<br><br><br>**PLAINTIFF'S COMPLAINT**<br><br>(JURY DEMAND) |

1

**COMES NOW** the Plaintiff, Ryan Gustafson, Pro Se (hereinafter "Plaintiff" or "Plaintiffs"), and others not yet added by class, hereby states and avers the following against Defendants **CORECIVIC, TRINITY FOOD SERVICE GROUP, NIELSA DIAZ, DANIEL BOND, CHRISTOPHER LAROSE** (hereinafter "Defendants"):

## NATURE OF THIS ACTION

1. This complaint is an action by the Plaintiff against all Defendants for, Count 1; failure to pay employee's at minimum wage, in violation of O.R.C. § 4111.01 et seq., and; 29 U.S.C. §§ 201, et seq. (FLSA), Count 2; Wrongful termination in violation of O.R.C. § 4112.02, Count 3; Failure to properly maintain employee records in violation of Article II, § 34a of the Ohio Constitution (O.R.C. § 4111.01 et seq.; 29 U.S.C. §§ 201, et seq.; O.R.C. § 4112.02; Article II, § 34a of the Ohio Constitution; hereinafter "Authorities").

## PARTIES

2. Plaintiff incorporates by reference each and every allegation contained in the above listed paragraphs as if fully rewritten herein.

3. The plaintiffs were pretrial detainees incarcerated at the NorthEast Ohio Correctional Center (NEOCC also "facility") in Youngstown at the time of the events alleged herein. From about January of 2016 through about January of 2019, the Plaintiff was employed by the defendants as an employee.

4. At all times relevant, the Plaintiffs were pre-trial detainees at the NorthEast Ohio Correctional Center and had not been convicted or sentenced for any criminal act, and stand as innocent non-convicted citizens of Ohio, awaiting dispositions of their pending Federal Charges.

5. At all times, the defendants were "employers" of the Plaintiff "employee's." At all times relevant, the Defendant employers employed the Plaintiff employee's.

6. Defendant CORECIVIC, at all times relevant, is the legal entity extending itself to the public as an employer, and is responsible for operating the NorthEast Ohio Correctional Center (NEOCC) in compliance with the Authorities. At all times, Defendant Employer CORECIVIC was an entity doing business in Ohio and responsible for global policies that encouraged and authorized insufficient wage payments for pre-trial detainees. As an Employer, Defendant CORECIVIC employs numerous

2

individuals, including but not limited to the plaintiffs. Defendant CORECIVIC is at liberty to fire and hire plaintiffs, as well as the establishment wages, because Defendant CORECIVIC exercises control over it's officers and employee's. Defendant CORECIVIC is the entity that pays wages to the plaintiffs, and is an employer within the meaning of the FLSA.

7. Defendant TRINITY FOOD SERVICE GROUP, at all times relevant, is a legal entity that provides food services at Defendant CORECIVIC's NEOCC branch. At all times, Defendant Employer TRINITY FOOD SERVICE GROUP was an entity doing business in Ohio, and at all times relevant provided its services to Defendant CORECIVIC. TRINITY FOOD SERVICE GROUP is an employer that exercises control over it's officers and employee's, and hires pre-trial detainees at the NEOCC and elsewhere, and was at liberty to hire and fire plaintiff employee's, and establish plaintiffs employee wages and the manner and means in which they would be paid. Funds for employee wages were transferred directly from TRINITY FOOD SERVICE GROUP to the Plaintiff employee's. Employee Plaintiffs were on the employer's payroll. TRINITY FOOD SERVICE GROUP is an employer within the meaning of the FLSA.

8. Defendant NIELSA DIAZ, at all times relevant, is a supervisor/head manager of the TRINITY FOOD SERVICE GROUP at the NEOCC branch, and as such, is responsible for overseeing its services on a day-to-day basis, as well as its functions/operations. Further, Defendant NIELSA DIAZ exercises operational control over the work place and any situations arising at the work place, and is a driving force behind the company policies, practices, procedures, and business aspects at the TRINITY FOOD SERVICE GROUP NEOCC branch. Such management responsibilities include the hiring and firing of plaintiff employee's, the setting of the plaintiffs employee wages, and the manner and means in which they would be paid. She is recognized as a member of management and is the ultimate authority over everyone employed at the TRINITY FOOD SERVICE GROUP NEOCC branch, and is an employer within the meaning of the FLSA. At all times relevant, Defendant NIELSA DIAZ was an employee/agent of Defendant TRINITY FOOD SERVICE GROUP and Defendant CORECIVIC.

9. Defendant DANIEL BOND, at all times relevant, is a supervisor/manager at defendant CORECIVIC's NEOCC, and as such, is responsible for the enforcement of the facility's policies and for setting certain internal policies within the facility, maintaining those policies, and enforcing those policies. Further, she is responsible for overseeing the Facility on a day-to-day basis, as well as the functions/operations of defendant CORECIVIC. Defendant DANIEL BOND exercises operational

control over the work place and any situations arising at the work place, and is a driving force behind the company (Defendant CORECIVIC's NEOCC branch) and is responsible for business aspects at the NEOCC, which include; the hiring and firing of plaintiff employee's, the setting of the plaintiffs employee wages, and the manner and means in which they would be paid. Defendant DANIEL BOND is recognized as a member of management and is an employer within the meaning of the FLSA. At all times relevant she was an employee or agent of Defendant CORECIVIC.

10. Defendant CHRISTOPHER LAROSE, at all times relevant, is the Warden of the NEOCC, and as such, is responsible for operational control of all aspects of the facilities day-to-day functions, which include but are not limited to: hiring and firing employee's, budget related practices, overseeing the Facilities operations on a daily basis, setting the internal policies within the facility, maintaining those policies and defendant CORECIVIC's policies, and enforcing these policies. Defendant CHRISTOPHER LAROSE is responsible for the setting of the wages of the plaintiff employee's and the manner and means in which they would be paid, and is the ultimate authority over everyone employed at the NEOCC and is recognized as such by all management. Further, Defendant CHRISTOPHER LAROSE exercises operational control over the work place and any situations arising at the work place, and is a driving force behind the company (Defendant CORECIVIC's NEOCC branch). Defendant CHRISTOPHER LAROSE is an employer within the meaning of the FLSA. At all times relevant he was an employee or agent of Defendant CORECIVIC.

## COUNT ONE
(Failure to pay employee's minimum wage in violation of the Ohio Minimum Wage Fair Standards Act and the Fair Labor Standards Act)

11. Plaintiff's incorporate by reference each and every allegation contained in the above listed paragraphs as if fully rewritten herein.

12. Plaintiff Gustafson was employed as a Food Line Operator by Defendants TRINITY FOOD SERVICE GROUP and NIELSA DIAZ, at the NorthEast Ohio Correctional Center, in Youngstown, Ohio, from on or about January 2016 through approximately February 2016.

13. Plaintiff Gustafson was thereafter employed as a cleaner by Defendants CORECIVIC, CHRISTOPHER LAROSE and DANIEL BOND, at the NorthEast Ohio Correctional Center, in

4

Youngstown, Ohio, from on or about February 2016 through approximately January 2019. The Plaintiff worked from 9:00AM – 5:00PM Saturday – Wednesday. For his work he received a monthly fluctuating payment of approximately $45.00 - $35.00. The Plaintiff worked a combined total of approximately 5,760 work hours.

14. At all times relevant, plaintiffs sought available job positions with job descriptions and titles, such as that of Gustafson as a "cleaner." These positions carried assigned duties, typical of those which employee's would carry out for employers under the provisions of the applicable Authorities.

15. At all times relevant, as Pre-trial detainees, the Plaintiffs had a choice of whether or not they wish to apply for a job, and work, should they be hired as employee's by the defendant employers. The application process bears similarities with normal employment procedures utilized by businesses in the United States and elsewhere, including the choice of who the defendants choose to hire and terminate.

16. At all times relevant, Plaintiff Employee's would generally remain hired unless fired. Typically employee's remain hired for years maintaining a working relationship. Plaintiff's who performed poorly could expect to be fired.

17. At all times relevant, Defendant employers, individually and collectively, did not require its employee's to have any prior experience or any specialized training, certification, or skill for the particular relevant jobs/duties which plaintiff's were hired to perform.

18. At all times relevant, Plaintiff's received inadequate compensation directly from the Defendants for work performed in the aforementioned violative amounts. The Plaintiffs receive the funds directly to internal Corporate accounts, plaintiffs could then elect to withdraw the funds which would then be routed from Bank Accounts located in Ohio, belonging to the defendants, to any address the plaintiff chooses, sent in the form of a check.

19. At all times relevant, Plaintiff Gustafson and others similarly situated were economically dependent on the defendants.

20. At all times relevant, the Defendant's, individually and collectively, owed a duty to plaintiff's to comply with the Authorities.

21. At all times relevant, the defendant employers, individually and collectively, failed to pay Plaintiff employee's for their work in accordance with the applicable Authorities, and these actions from all the defendants, individually and collectively, were part of a continuing series of events which formed a continuing series of violations.

22. At all times, the defendants, individually and collectively, were willfully in violation of the

5

applicable Authorities, and knowing and with reckless disregard to the provisions of the applicable Authorities, did violate the same, and did fail to make adequate inquires into whether conduct is in compliance with the Act, as required by 5 C.F.R. § 551.104.

## COUNT TWO
(Wrongful termination in violation of O.R.C. § 4112.02/Public Policy)

23. Plaintiff's incorporate by reference each and every allegation contained in the above listed paragraphs as if fully rewritten herein.

24. On or about June 2018, defendant DANIEL BOND did become the active/current employer of Plaintiff Gustafson, in that she began work as his immediate employer/supervisor.

25. At all times relevant, Plaintiff defendant was a practicing member of the Christian faith, and as such, was prohibited to work on Sundays. On or about June 2018, through December 2018, the plaintiff notified and requested an alternative work schedule from the Plaintiff DANIEL BOND and others. By the time of plaintiffs final request on or about December 2018, DANIEL BOND subsequently fired the plaintiff as a result of these requests, showing indifference to the plaintiff's protected class, and all this was in violation of Public Policy; Religious Land Use and Institutionalized Persons Act (42 U.S.C. § 2000cc. et seq.), and the applicable Authorities.

## COUNT THREE
(Failure to properly maintain employee records in violation of
Article II, § 34a of the Ohio Constitution)

26. Plaintiff's incorporate by reference each and every allegation contained in the above listed paragraphs as if fully rewritten herein.

27. At all times, defendant Employers, individually and collectively, failed to maintain records for each employee in a manner that would show the employee's name, address, occupation, pay rate, hours worked for each day worked, and each amount paid to an employee for a period of not less than three years following the last date the employee was employed, as required by the applicable Authorities.

28. On or about May, 2019, the plaintiff requested records as indicated by Article II, § 34a of the Ohio Constitution from defendants, the request was ignored by defendants CORECIVIC and CHRISTOPHER LAROSE.

29. On or about May, 2019, the plaintiff requested records pursuant to Article II, § 34a of the Ohio Constitution, from defendants TRINITY FOOD SERVICE GROUP and NIELSA DIAZ pertaining to the aforementioned provisions of the applicable Authorities. In response to the plaintiffs request, defendants TRINITY FOOD SERVICE GROUP and NIELSA DIAZ indicated that they did not maintain records.

30. On or about May, 2019, the plaintiff requested records pursuant to Article II, § 34a of the Ohio Constitution, from defendants DANIEL BOND. In response to the plaintiffs request, defendants DANIEL BOND provided limited information that did not fulfill the provisions of Article II, § 34a of the Ohio Constitution's.

## REQUESTED RELIEF

**WHEREFORE**; the Plaintiff requests that this Honorable Court enter judgment in favor of the plaintiff as a result of the Defendants violations of O.R.C. § 4111.01 et seq.; 29 U.S.C. §§ 201, et seq.; O.R.C. § 4112.02; Article II, § 34a of the Ohio Constitution, and any other applicable authorities, and find that the plaintiff's are entitled to damages in the amount to be determined by this Honorable court or at trial. The Plaintiff seeks judgment against all defendants, jointly and severally, on all alleged claims in an amount as the evidence may prove at trial, plus interest, cots, fees, attorney expenses, and relief as provided for in the above applicable statutes, as well as any other relief this Honorable Court deems appropriate, in an amount in excess of $25,000.00 for each plaintiff together with interest and costs. Particularity with regards to count one, the plaintiff calculates approximately 5,760 work hours at Ohio minimum wage $8.30, which equates to $47,808.00.

Dated this _2nd_ day of _August_ 2019.

                                                                      Respectfully submitted,

                                                                       /s/ _____

                                                                       Ryan Gustafson
                                                                       #36650068
                                                                       2240 Hubbard Rd.
                                                                       Youngstown, OH 44505