**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| RYAN GUSTAFSON | ) | CASE NO. 4:19 CV 2039 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CORECIVIC, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Ryan Gustafson filed this action in the Mahoning County Court of Common Pleas against CoreCivic, Trinity Food Service Group ("Trinity"), Nielsa Diaz, Daniel Bond, and Christopher LaRose. At the time he filed this action, Plaintiff was a pretrial detainee at the Northeast Ohio Correctional Center ("NEOCC"). He alleges he was not paid minimum wage for his work assignment in the correctional center, and was made to work on Sunday despite his objection on religious grounds. He asserts claims under the Fair Labor Standards Act ("FLSA"), the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the Ohio Minimum Wage Fair Standards Act, Ohio Revised Code § 4112.02 prohibiting employment discrimination, and the Ohio Constitution. Plaintiff seeks monetary damages.

Defendants removed this action to federal court on the basis of federal question and diversity of citizenship jurisdiction. Plaintiff filed a Motion to Remand the case to state court.

## I. Background

Plaintiff was a pretrial detainee at NEOCC at the time he filed this Complaint. He has since been transferred to FCI Jessup in Jessup, Georgia. NEOCC is a private prison facility, owned and operated by CoreCivic. Trinity is a private company that provides food and kitchen services to correctional facilities, including NEOCC. Under the terms of their contract with NEOCC, Trinity supplies supervisors and NEOCC assigns and pays the inmate workforce. Diaz is the Trinity supervisor responsible for the operation of the kitchen. Plaintiff claims Bond is the NEOCC cleaning staff supervisor. He indicates LaRose is the warden of NEOCC.

Plaintiff was a pretrial detainee at NEOCC where he was assigned to work as a food line operator from January 2016 through February 2016. Thereafter, he was assigned to the position of cleaner where he remained until January 2019. He indicates he was required to work from 9:00 a.m. to 5:00 p.m. Saturday through Wednesday, earning between $35 and $45 per month. He admits that as a pretrial detainee, he was not required to work but was permitted to apply voluntarily for prisoner jobs. Jobs were not guaranteed for pretrial detainees and detainees could be terminated from their positions. He contends he was not paid minimum wage as required by the FLSA. Furthermore, from June 2018 to December 2018, he asked Bond to change his work schedule so he could have Sundays off for religious reasons. He alleges Bond fired him as a result of his requests. He asserts that this was a violation of the RLUIPA and Ohio Revised Code § 4112.02 prohibiting discrimination in the context of employment.

Defendants filed Motions to Dismiss (CoreCivic, Bond and LaRose Doc. No. 6; Trinity and Diaz Doc. No. 9). Defendants assert that the FLSA and the Ohio Minimum Wage Fair

Standards Act do not apply to prisoners or pretrial detainees. They contend Diaz does not meet the statutory definition of an employer under the FLSA. The CoreCivic Defendants allege Plaintiff failed to state a claim under RLUIPA because Plaintiff does not allege the Defendants substantially burdened the exercise of his religion. They assert Plaintiff is not an employee under Ohio Rev. Code § 4112.02 or the Ohio Constitution.

**II.     Standard of Review**

When deciding a Motion to Dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. In scrutinizing the Complaint, the Court is required to accept the allegations stated in the Complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), while viewing the Complaint in a light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).

Although a Complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Complaint survives a Motion to Dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.; Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). This standard for Rule 12(b)(6) applies to "all civil actions." *Id.* at n.4 (internal quotation omitted).

**III.     Analysis**

The Court will first address Plaintiff's Motion for Remand. Defendants CoreCivic, Bond and LaRose removed this action to federal court on the basis of both federal question and diversity of citizenship jurisdiction. Plaintiff objects to removal saying he did not get proper notice and contends there was no unanimity for removal among the Defendants.

The Defendants have the burden of establishing this Court's original jurisdiction. There is no question that federal question jurisdiction is present, as Plaintiff asserts claims under the FLSA and the RLUIPA. Diversity jurisdiction, however, is not present. The CoreCivic Defendants indicate that Plaintiff is a resident of the State of Ohio. He, in fact, was a federal pretrial detainee. His temporary address in jail does not establish his citizenship. Even if it did, the CoreCivic Defendants indicate Bond is also a citizen of Ohio. They do not indicate the citizenship of Diaz or Trinity. Plaintiff lists Ohio addresses for all parties. Neither Plaintiff's Complaint nor the Defendants' Notice of Removal establish complete diversity of citizenship. Moreover, where diversity of citizenship is the basis for removal, the case cannot be removed from state court if any of the Defendants are citizens of the state in which the action is brought. 28 U.S.C. § 1441(b)(2). By Defendants' admission, Bond is a citizen of Ohio. The case cannot be removed on the basis of diversity of citizenship. The only basis for federal court jurisdiction is the presence of a federal question.

The federal questions in Plaintiff's Complaint fail to state a claim upon which relief may be granted as a matter of law. Plaintiff was not an employee of either CoreCivic or Trinity. Prisoners who perform work duties during incarceration are not employees of the institution.

*Lentz v. Anderson*, 888 F. Supp. 847 (N.D. Ohio 1995). Because the relationship between the Plaintiff and the Defendants is not an employment relationship but rather a custodial one, the Fair Labor Standards Act is not implicated in this situation. *Id. See* Abdullah v. Myers, 52 F.3d 324 (6th Cir. 1995)(FLSA does not apply to prisoner because the prisoner does not require the minimum wage to maintain his standard of living, which is provided by the state, and there is no unfair competition with employers outside the prison); *Peterson v. Steward*, No. 17-11733, 2018 WL 3733686, at *3-4 (E.D. Mich. July 16, 2018)(citing numerous cases to support finding that Aramark (contract food service provider) was not required to pay prisoners a minimum wage under the FLSA).

Plaintiff's other claim is asserted under the RLUIPA. That statute does not apply to these Defendants. The RLUIPA provides that "[n]o government shall impose a substantial burden of the religious exercise of a person residing in or confined to an institution, ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person," first "is in furtherance of a compelling government interest," and second "is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a)(1)-(2). For purposes of this statute, the term "government" is defined as state and local governments, their agencies and officials that are acting under color of state law. 42 U.S.C. § 2000cc-5(4)(A). Here, Plaintiff was in federal custody and all of the named Defendants were acting under color of federal law. By its express terms, the RLUIPA does not apply to federal government entities or those acting under color of federal law.

Having dismissed Plaintiff's federal law claims, the only claims remaining are those

which arise under state law. The case was removed solely on the basis of federal question jurisdiction. This Court has only supplemental jurisdiction over Plaintiff's state law claims. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id*. at 726. In cases where the federal law claims are dismissed before trial, the Court should decline jurisdiction to hear the state law claims. This Court therefore declines jurisdiction over Plaintiff's state law claims.

### IV.     Conclusion

Accordingly, Defendants' Motions to Dismiss are granted with respect to Plaintiff's claims under the Fair Labor Standards Act and the Religious Land Use and Institutionalized Persons Act. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1] Plaintiff's state law claims under Ohio Revised Code § 4112.02, the Ohio Minimum Wage Fair Standards Act and the Ohio Constitution are remanded to the Mahoning County Court of Common Pleas.

IT IS SO ORDERED.

Date: January 22, 2020

/s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.